UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

EARNEST UNDERWOOD, II,

      Plaintiff,                            Case No. 3:17-cv-16

vs.

COMMISSIONER OF                       District Judge Walter H. Rice
SOCIAL SECURITY,                 Magistrate Judge Michael J. Newman

      Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE MOTION BY PLAINTIFF'S COUNSEL FOR AN ATTORNEY'S FEE AWARD (DOC. 14), AS MODIFIED BY PLAINTIFF'S REPLY BREIF (DOC. 20) BE GRANTED; (2) FEES, PURSUANT TO 42 U.S.C. § 406(b), IN THE AMOUNT OF $15,479.25 BE AWARDED AS FOLLOWS: THE $6,000.00 SUM NOW HELD IN ESCROW BE RELEASED TO PLAINTIFF'S COUNSEL AND THE COMMISSIONER BE DIRECTED TO AWARD PLAINTIFF'S COUNSEL THE DIFFERENCE BETWEEN THESE TWO AMOUNTS, *i.e.*, $9,479.25; AND (3) THIS CASE REMAIN TERMINATED ON THE COURT'S DOCKET**

---

On June 23, 2017, Judge Rice reversed the Commissioner's non-disability finding and remanded this case to the Commissioner of Social Security for further proceedings. Doc. 12. Subsequently, Plaintiff received an award of benefits under the Social Security Act. *See* doc. 14-4 at PageID 693-96. Plaintiff's counsel moved for a twenty-five percent fee award in the amount of $15,479.25[2] under 42 U.S.C. § 406(b).[3] Doc. 14. The Commissioner filed a memorandum in

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Plaintiff's Counsel originally requested $15,513.25, but the Commissioner identified, and Plaintiff's counsel conceded, that the requested fee award was miscalculated in the amount of an excess $34.00. Docs. 19, 20.

[3] 42 U.S.C. § 406(b) permits an award a twenty-five percent fee award for successful Disability Insurance Benefits ("DIB") claims under Title II of the Social Security Act. Supplemental Security Income ("SSI") benefits are awardable pursuant to Title XVI of the Social Security Act, which incorporates 42 U.S.C. § 406(b) by reference, and likewise permits the award of attorney's fees for successful SSI claims. *See* 42 U.S.C. § 1383(d)(2); *Napier v. Comm'r of Soc. Sec.*, 190 F. App'x 458, 459-60 (6th Cir. 2006). The same analysis applies in deciding motions for attorney's fees under both statutes. *See id.*

opposition, and Plaintiff filed a reply.  Doc. 19, 20.  The Court heard oral argument with counsel from both sides on June 18, 2019.  Doc .22. Plaintiff's counsel and the Commissioner then agreed as follows: (1) the appropriate sum due and owing to Plaintiff's counsel is $15,479.25; (2) of this amount, the $6,000.00 previously set aside by the Commissioner, and now held in escrow, should be released to Plaintiff's counsel; and (3) Plaintiff's counsel should be paid the difference between these two sums, *i.e.*, $9,479.25.  *Id*.

## I.

In Supplemental Security Income ("SSI") and/or Disability Insurance Benefit ("DIB") cases, the Court is authorized to award attorney's fees following a successful Social Security disability appeal.  *See* 42 U.S.C. §§ 402(b)(1), 1383(d)(2).  However, such contingency fees (1) may not exceed 25% of the past-due benefits which the claimant receives as a result of an appeal, and (2) must additionally be reasonable for the services rendered.  *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Id*.  A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption."  *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989).  A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended."  *Id*.  Such an award is not improper merely because it results in an above-average hourly rate.  *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981-82 (6th Cir. 1990).

As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee].  In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time.  The hourly rate in the next contingent fee case will be zero, unless benefits are awarded.  Contingent fees generally overcompensate in some cases and undercompensate in others.  It is the nature of the beast.

*Id*.  "A hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable."  *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

Here, counsel's requested fee of $15,479.25, divided by the 38.25 hours spent working on the case, results, in a hypothetical hourly rate of $404.69, an hourly rate that is -- without dispute and based upon the materials submitted in support of Plaintiff's motion -- reasonable in light of the skill and experience of counsel.  Doc. 14 at PageID 681.  Therefore, this Court approves -- and the Commissioner does not object -- to a total fee award of $15,479.25.  However, because the Commissioner previously paid $6,000.00 to counsel, the parties agreed in the telephone conference held on June 18, 2019, as follows: (1) the $6,000.00 sum, which is now held in escrow, shall be released to Plaintiff's counsel; (2) Plaintiff's counsel shall be awarded the amount of $15, 479.25 minus $6,000.00, *i.e.,* $9,479.25.

## II.

Accordingly, it is **RECOMMENDED THAT**: (1) Plaintiff's motion for attorney's fees under the Social Security Act (doc. 14) be **GRANTED**; (2) Plaintiff's requested total sum of $15,479.25 be **APPROVED**; (3) the $6,000.00 held in escrow by Plaintiff's counsel shall be **RELEASED** (4) the Commissioner shall **PAY** Plaintiff's counsel the difference between these two sums, *i.e.,* $9,479.25; and (5) this case remain **TERMINATED** on the Court's docket.

Date:    June 18, 2019                    s/ Michael J. Newman

Michael J. Newman
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).